# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA SMITH, | |
| Plaintiff, | NO. 3:17-CV-0907 |
| v. | (JUDGE CAPUTO) |
| SHOP RITE, *et al.*, | (MAGISTRATE JUDGE ARBUCKLE) |
| Defendants, | |

## MEMORANDUM ORDER

Presently before me is the Report and Recommendation (Doc. 6) of Magistrate Judge William Arbuckle recommending that the Complaint filed by Sara Smith ("Plaintiff") be dismissed for lack of subject matter jurisdiction. Plaintiff, proceeding *pro se*,[1] commenced this personal injury action for injuries she allegedly sustained while shopping at Shop Rite in Stroudsburg, Pennsylvania. (*See* Doc. 1, *generally*). Named as Defendants in this litigation are Shop Rite, with an address of 51 N. Third Avenue, Stroudsburg, Pennsylvania 18360 and Village Supermarket, located at 733 Mountain Avenue, Springfield, New Jersey 07081. (*See id*., Part IV). Village Supermarket is alleged to be the owner of Shop Rite. (*See id*. at Part II, IV). Plaintiff seemingly avers that Shop Rite is a Pennsylvania corporation with a principal place of business in Pennsylvania. (*See id*. at Part II). Plaintiff does not identify Village Supermarket's state of incorporation or its principal place of business. (*See id*.). Based on these allegations, the Magistrate Judge recommends that the Complaint be dismissed for lack of subject matter jurisdiction because Plaintiff and Shop Rite both appear to be citizens of Pennsylvania. (*See* Doc. 6, 5). In response to the Report and Recommendation, Plaintiff filed an "Amended Complaint - Premises (Site)-Liability." (Doc. 7, 1). Therein, Plaintiff asserts that she

---

[1] The Complaint was purportedly filed on Plaintiff's behalf by a non-attorney acting for Plaintiff pursuant to the terms of a limited power of attorney. (*See* Doc. 1, *generally*). As noted by the Magistrate Judge, a power of attorney does not authorize a non-attorney to represent the grantor *pro se* in federal court. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012). Thus, should Plaintiff wish to proceed with this litigation, she must either represent herself or retain counsel admitted to practice before this Court.

suffered injuries at Shop Rite, which is owned by Village Supermarket, and, after reaching out to the Shop Rite store, she was informed that Village Supermarket will handle all correspondence and "is the direct responsible party." (*Id*. at 2).

I will adopt Magistrate Judge Arbuckle's recommendation to dismiss the Complaint for lack of subject matter jurisdiction, but Plaintiff will be given twenty-eight (28) days to file a Second Amended Complaint to allege that diversity jurisdiction is proper. Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Although incorrectly identified in the *pro se* Complaint, Plaintiff seeks to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Here, Plaintiff fails to adequately allege the citizenship of Defendants Shop Rite and Village Supermarket. If a party is a corporation, in order to properly plead diverse citizenship, a plaintiff must allege both the corporation's state of incorporation and its principal place of business. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014). A corporation's principal place of

2

business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation may have only one principal place of business, and proper invocation of diversity jurisdiction requires the plaintiff to allege where a corporation has its principal place of business. *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006).

In the matter *sub judice*, Plaintiff fails to identify in the Complaint Village Supermarket's state of incorporation or its principal place of business. (*See* Doc. 1, *generally*). Additionally, although Plaintiff appears to allege in the Complaint that Shop Rite is a Pennsylvania corporation with a principal place of business in Pennsylvania, (*see id*. at Part II), Plaintiff's Amended Complaint indicates that the Shop Rite store in Stroudsburg is owned by Village Supermarket. (*See* Doc. 7, 2). Thus, Plaintiff seemingly suggests that Shop Rite of Stroudsburg is being operated under a trade name and not as a legal entity independent from Village Supermarket. *See*, *e.g.*, *Allstate Ins. Co. v. Cherry*, No. 11-2898, 2012 WL 1425158, at *4 (D. Md. Apr. 23, 2012) ("As to JCEI, if it is only a trade name of Mr. Cherry, it is not a different party in its own right; if it is an actual corporation, its citizenship is determined by 28 U.S.C. § 1332(c)(1)."). Moreover, the corporate form of the Shop Rite store identified in the instant litigation is unclear based upon review of publically available records upon which judicial notice can be taken. *See*, *e.g.*, *Wallace v. Media News Grp., Inc.*, 568 F. App'x 121, 123 n.2 (3d Cir. 2014) (taking judicial notice of a corporation's state of incorporation and principal place of business and holding that diversity jurisdiction existed); *Amansec v. Midland Credit Mgmt., Inc.*, No. 15-8798, 2017 WL 579936, at *3 n.38 (D.N.J. Jan. 20, 2017) (taking judicial notice of state of incorporation and principal place of business). As Plaintiff is proceeding in this action *pro se*, she will be afforded twenty-eight (28) days to file a Second Amended Complaint to properly plead the citizenship of Defendants in order to show the existence of diversity jurisdiction.

Accordingly**, NOW**, this 4th day of October, 2017, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 6) is **ADOPTED in part**.

(2) Plaintiff is **GRANTED** leave to file a Second Amended Complaint within **twenty-eight (28)** days from the date of entry of this Memorandum Order to properly allege the existence of diversity jurisdiction. Failure to file a Second Amended Complaint within

3

this time will result in the dismissal of the action without prejudice.

(3) The matter is **RECOMMITTED** to Magistrate Judge Arbuckle for further proceedings.

/s/ A. Richard Caputo<br>
A. Richard Caputo<br>
United States District Judge